# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-10939
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
August 21, 2014

Lyle W. Cayce
Clerk

ALBERT G. HILL, III, Individually, and as a Beneficiary of the Margaret Hunt Trust Estate, derivatively on behalf of the Margaret Hunt Trust Estate, Individually, as a beneficiary of the Haroldson Lafayette Hunt Jr. Trust Estate and derivately on Behalf of the Haroldson,

Plaintiff – Appellant

v.

WILLIAM SCHILLING, Individually and In His Capacity as a Member of the Advisory Board MHTE and a Member of the Advisory Board of the HHTE; IVAN IRWIN, JR.; ALBERT G. HILL, JR.; ALINDA H. WIKERT; LYDA HILL; HEATHER V. WASHBURNE; ELISA M. SUMMERS; WILLIAM HERBERT HUNT, In His Capacity as the Personal Representative of the Estate of Tom Hunt; BRETT RINGLE, Individually and in His Capacity as a Member of the Advisory Board of the MHTE; MARGARET KELIHER, Individually and in Her Capacity as Trustee of the MHTE and a Member of the Advisory Board of the HHTE,

Defendants – Appellees

v.

Campbell Harrison & Dagley, L.L.P.; Calloway, Norris, Burdette, & Weber, P.L.L.C.,

Intervenors – Appellees

No. 13-10939

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CV-2020

Before SMITH, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:*

Albert G. Hill III ("Hill") appeals the district court's denial of his motion to enforce the settlement agreement and compel production of copies of the books and records. For the following reasons, we AFFIRM.

## FACTS AND PROCEEDINGS

In 1935, H.L. Hunt formed irrevocable trusts for six of his children. Two of those trusts give rise to this lawsuit: the Margaret Hunt Trust Estate ("MHTE") and the Haroldson L. Hunt, Jr. Trust Estate ("HHTE"). The Articles of Agreement and Declaration of Trust creating each of the MHTE and the HHTE were essentially identical.

Margaret Hunt Hill was the beneficiary of the MHTE. Ordinarily the MHTE would pass to Margaret's three children. But before her death her son, Albert G. Hill Jr. ("Hill Jr."), executed an instrument disclaiming his interest to his three children, including Hill. Hill Jr. later rescinded the disclaimer, purporting he was incompetent when he signed the disclaimer in 2005 and an "updated" disclaimer in 2007.

On November 8, 2007 Hill filed a suit in Texas state court against his father, Hill Jr., alleging that he and others committed violations of the federal

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 13-10939

Racketeer Influenced and Corrupt Organizations Act ("RICO"), fraud, breach of fiduciary duty, and other torts in connection with the MHTE and HHTE. Hill sought different forms of relief, including enforcement of his father's disclaimer, a declaration that he was a beneficiary of both the MHTE and HHTE, monetary damages, and an accounting of both trusts. The Defendants, Hill Jr. and the others associated with the RICO claims, removed the action to the United States District Court for the Northern District of Texas.

During the almost three years of litigation, in which exhaustive discovery occurred, the MHTE's trustee produced thousands of financial and accounting documents. After years of litigation, Hill and the former MHTE and HHTE trustees entered into a written Global Settlement and Mutual Release Agreement ("settlement agreement"), filed with the district court on May 14, 2010. The settlement agreement divided the MHTE, pro rata, into separate sub-trusts for all beneficiaries, including Hill. Each sub-trust was to be separately administered by a new successor trustee; the successor trustees were to administer according to the 1935 Articles of Agreement of the MHTE.

The Articles of Agreement of the MHTE state the duties of the trustee, who, among other things, is required to

> *keep, or cause to be kept, faithful records and books of account,* reflecting at all times the true conditions of the affairs of said Trust Estate, *which said records and books of account shall at all times be open for the inspection of the other two members of the Advisory Board,* and as near after the close of each calendar year as is reasonably possible *the Trustee shall have said books and records audited by a Certified Public Accountant and a report of said audit files as a part of the archives and permanent records of said Trust Estate . . . .*

Further, the Articles state that when a trustee is replaced, the successor trustee "shall succeed to the same rights and powers and be subject to the same duties and liabilities of his predecessor."

No. 13-10939

The settlement agreement does not require the former MHTE trustees to hand over any additional MHTE documents to any beneficiary or successor trustee of the MHTE New Hunt Trusts, and specifically prohibits the successor trustees from investigating the prior management of the MHTE trustees. Before the district court entered its final judgment, both parties submitted final judgment proposals. Hill attempted to add new terms to the agreement. Namely, he sought to have the agreement require the MHTE trustee and advisory board members to grant complete access to MHTE's books and records for inspection by Hill and/or his representatives. In November 2010, the district court approved the settlement agreement, rejected Hill's new terms, adopted a provision prohibiting any new trustees from investigating past conduct, provided for broad general mutual releases, and entered final judgment.

In December 2010, the former trustees of the MHTE divided the MHTE into separate trusts in accordance with the settlement agreement and final judgment. After the district court rejected Hill's request to alter or amend the final judgment to request the former MHTE trustees to give an accounting for the period of May to December 2010, Hill filed an appeal to this court alleging that the final judgment differed from the settlement agreement. In the meantime, Hill learned that the district judge, who presided over the case since 2007, had an undisclosed conflict of interest due to his wife's ownership of stock in ExxonMobil Corporation. Hill moved to recuse this judge in March 2012. The district court denied this motion, and Hill appealed the denial to this court. This court consolidated the two issues and affirmed the district court.

While the previous appeal was pending, Hill filed a motion to enforce the final judgment and to compel the transfer of books and records of the former MHTE to successor trustees or, in the alternative, for relief from final judgment under Rule 60(b) in the district court. Hill admitted that this motion,

4

filed before his motion to recuse the district judge, was aimed at obtaining copies of the books and records of Hunt Petroleum, an entity later acquired by Exxon.  His motions were thus aimed at uncovering evidence in support of his recusal motion.  His motion to enforce final judgment also contradicted his previous position, that the final judgment did *not* grant him access to inspect the MHTE books and records.  The motion to enforce and compel was denied by a magistrate judge, due to the pending motion to recuse.  The case was reassigned to a second district judge, who also rejected Hill's objections to the magistrate judge's ruling, finding that neither the settlement agreement nor the final judgment required the production of books and records of the former MHTE for inspection.  The court emphasized that the initial district judge had previously rejected adding Hill's provision to require the accounting or inspection rights to the final judgment.  He also denied Hill's alternative request under Federal Rule of Civil Procedure 60(b).  After the issuance of this order, the second district judge recused himself *sua sponte*.

Hill appeals the denial of the motion to enforce and compel and files a complaint speculating about the second district judge's reason for recusing himself after denying Hill's motion to enforce and compel.

## STANDARD OF REVIEW

The principal issue on appeal is whether the successor trustees have a right to obtain copies of the "archives and permanent records" of the MHTE based on the MHTE's Articles of Agreement, the settlement agreement, and the final judgment.  Trust agreements and settlement agreements are interpreted as contracts.  *Goldin v. Bartholow*, 166 F.3d 710, 715 (5th Cir. 1999); *In re Raymark Indus., Inc.*, 831 F.2d 550, 553 (5th Cir. 1987).  The construction of an unambiguous contract is a question of law, which we review

5

No. 13-10939

de novo. *Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992).

To determine whether reversal or vacation of a district judge's *sua sponte* recusal is necessary, we consider the risk (1) of injustice to the parties in this case; (2) that denial of relief will create injustice in other cases; and (3) of undermining the public's confidence in the judicial process. *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 485 (5th Cir. 2003).

## DISCUSSION

I.    Right to Access and Copy Records

Appellees, the former MHTE and HHTE trustees, contend that the waiver doctrine precludes Hill from appealing the district court's denial of his motion to enforce and compel.  "The [waiver] doctrine promotes procedural efficiency and 'prevents the bizarre result that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.'"  *Lindquist v. City of Pasadena*, 669 F.3d 225, 239-40 (5th Cir. 2012).

As noted above, Hill requested that complete access to the MHTE's books and records be added as a term to the settlement agreement.  The district court rejected Hill's proposed amendment and entered final judgment, which we affirmed in Hill's first appeal.  To the extent that Hill's appeal argues that the right to have access to the documents should have been included in the final judgment, or that it was contemplated in the settlement agreement, his argument is waived.

But Hill restyles the current appeal as one challenging the district court's denial of his motion *to enforce and compel the final judgment*.  While his prior appeal argued that a right to access the documents was wrongfully excluded from the settlement agreement, he now contends that the right to

6

inspect and have access to the books *is* part of the agreement, and that he is merely seeking enforcement of the final judgment. As such, the waiver doctrine does not preclude Hill's current appeal. Nonetheless, Hill's challenges to the district court's denial of his motion to enforce and compel are without merit.

We hold that Hill cannot now claim that a provision granting him access to the MHTE books and records is part of the agreement because such a provision was not actually contemplated by the parties. "As long as the [settlement and trust] as a whole [are] coherent, ambiguities can be resolved as a matter of law, without looking beyond the four corners of the document." *Carpenters Amended and Restated Health Benefit Fund v. Holleman Constr. Co.*, 751 F.2d 763, 766 (5th Cir. 1985). The duty of the MHTE trustee to keep books and records was extended to the MHTE successor trustees, as stated in plain language from the MHTE Articles of Agreement. But there is no express language that indicates that the successor trustee must be given the same set of books, records, and archives maintained by the former trustees. Nothing in the record indicates that the parties think that the agreement is ambiguous on this point. Indeed, that Hill tried to add a provision granting him access to MHTE's books and records is evidence that he knew such a provision was not part of the final judgment and settlement agreement as written.

Hill contends that Texas law mandates his ability to access MHTE's books and records. Texas statutory law does not require such a result. Hill relies on a section of the Texas code that states that "[u]nless otherwise provided in the trust instrument or by order of the court appointing a successor trustee, the successor trustee has the rights, powers, authority, discretion, and title to trust property conferred on the trustee." Tex. Prop. Code § 113.084. But he does not cite to any authority to support his position that courts interpret this statutory language to compel his access to MHTE documents on

these facts. And even accepting Hill's interpretation of Texas law, the district court "otherwise provided" that Hill would not be able to access MHTE's documents by entering final judgment on a settlement agreement that consciously excluded such a right.

Finally, Hill cites to Texas Property Code § 112.057, arguing that Texas law permits a trustee to divide a trust only if the terms of the separate trusts are identical to the terms of the original trust. It follows, he claims, that because the former trustees had access to these records, the successor trustees should also have access because the successor trustees step into the role of the former trustees. This argument fails. First, Hill downplays the amount of documents received during discovery, including financial statements from KPMG. Second, the statutory language crucial to Hill's argument is not found in the applicable 2010 version of § 112.057. The language he relied on, that "the terms of the separate trusts must be identical to the terms of the original trust" is not present in the relevant 2010 version of Texas Property Code § 112.057, but rather was part of the 2005 version. Finally, § 112.054(b) provides that "[t]he court shall exercise its discretion to order a modification or termination . . . in the manner that most conforms as nearly as possible to the probable intention of the settlor." This section also does not expressly state or infer that the MHTE Articles of Agreement require the former trustees to give the successor trustees access to the permanent records. Because Texas law does not require a different result, we decline to modify the district court's final judgment enforcing a settlement agreement that consciously excluded Hill's right to access MHTE's books and records.

## II.    Recusal and Undisclosed Conflict

In the alternative, Hill contends that because the second district judge recused himself two months after his only substantive ruling, and because no

new parties or causes of action were added, the judge's conflict existed at the time of his order.  Hill argues that we should remand the case because his recusal following his substantive order meant that he made his ruling under an "undisclosed conflict."  We disagree.

First, Hill does not even attempt to identify what the conflict could be, or why we should doubt the validity of his order.  He recused himself *sua sponte* under 28 U.S.C. § 455(b)(4), and followed the standard practice of not disclosing his reason for recusal.  We decline Hill's invitation to speculate as to why the judge recused himself, and when his "undisclosed conflict" first arose.  Second, "we do not automatically vacate the rulings issued after [the judge] should have recused himself."  *Patterson*, 335 F.3d at 485.  Even if the district judge was operating under a conflict, it still would not have an effect on the denial of Hill's motion because two judges prior to him had issued the same order.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.